09-1158-ag(L), 10-0510-ag(CON)
Ruiz Ruiz v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT: DENNIS JACOBS,
                 **Chief Judge**,
     RALPH K. WINTER,
     JOHN M. WALKER, JR.,
                 **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - - -X
Juan Jairo Ruiz Ruiz,
     **Petitioner**,

     -v.-                             09-1158-ag(L)
                                       10-0510-ag(CON)

Eric H. Holder, United States Attorney General,
     **Respondent**.
- - - - - - - - - - - - - - - - - - - - - -X

**FOR PETITIONER:**       GLENN L. FORMICA, Formica, P.C., New Haven, CT.

**FOR RESPONDENT:**      TERRI LEÓN-BENNER, Trial Attorney, (Barry J. Pettinato, Assistant

Director), Office of Immigration Litigation, (Tony West, Assistant Attorney General), Civil Division, U.S. Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of these consolidated petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby **ORDERED, ADJUDGED, AND DECREED**, that the petition for review in docket number 09-1158-ag(L) is **DENIED**, and Respondent's motion for summary disposition in docket number 10-0510-ag(CON) is **GRANTED**.

Juan Jairo Ruiz Ruiz, a native and citizen of Colombia, seeks review of: (1) a February 24, 2009 order of the BIA denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") (docket number 09-1158-ag(L)); and (2) a January 15, 2010 order of the BIA denying his motion to reopen his removal proceedings (docket number 10-0510-ag(CON)).  We assume the parties' familiarity with the underlying facts and the case's procedural history.

**I.   Docket Number 09-1158-ag(L)**

In the circumstances of this case, we review the IJ's decision as modified by the BIA decision.  See Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well-established.  8

U.S.C. § 1252(b)(4)(B); <u>Bah v. Mukasey</u>, 529 F.3d 99, 110 (2d Cir. 2008).

Petitioner argues that the Revolutionary Armed Forces of Colombia ("FARC") targeted him in part based on his imputed political opinion and his membership in the social group of "wealthy business owners in Colombia opposed to FARC activity." His family owns (or owned) a construction business. The agency denied the application for relief based on its finding that he did not establish a nexus between the alleged harm he suffered and an imputed political opinion. <u>See</u> 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b)(1).

The agency reasonably found that Petitioner failed to demonstrate that the FARC was motivated, even in part, by his actual or imputed political opinion. <u>Cf.</u> <u>Uwais v. U.S. Attorney Gen.</u>, 478 F.3d 513, 517-18 (2d Cir. 2007); <u>Zhang v. Gonzales</u>, 426 F.3d 540, 545 (2d Cir. 2005). Petitioner testified that the FARC wanted him to join their ranks, but he explained that the FARC was interested in him due to the equipment owned by the family business. The desire of the FARC to "fill their ranks in order to carry on their war against the government and pursue their political goals . . . does not render the forced recruitment 'persecution on

3

account of . . . political opinion.'" INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992).

Petitioner also challenges the agency's finding that he failed to establish his membership in a cognizable social group of "wealthy business owners in Colombia opposed to FARC activity." This challenge fails as well. In Ucelo-Gomez v. Mukasey, 509 F.3d 70 (2d Cir. 2007) (per curiam), we found reasonable the BIA's precedential decision in A-M-E & J-G-U-, 24 I. & N. Dec. 69 (2007): "[W]ealthy Guatemalans" do not constitute a particular social group because "[t]he characteristic of wealth or affluence is simply too subjective, inchoate, and variable to provide the sole basis for membership in a particular social group," id. at 76. Ucelo-Gomez, 509 F.3d at 72-74. Here, the added element of business ownership is insufficient to differentiate Petitioner's putative social group from the "wealthy Guatemalan" social group in Ucelo-Gomez. Moreover, business ownership is an attribute with "no disadvantage other than purported visibility to criminals," so that "the scales are tipped away from considering those people a 'particular social group.'" Id. at 73.

Because the agency did not err in finding that Petitioner failed to demonstrate a nexus between any harm he suffered or any future harm he feared and a protected

4

ground, we do not consider whether he established past persecution or a well-founded fear of future persecution.

As to CAT relief, Petitioner argues that he established eligibility by showing the Colombian government's acquiescence to the FARC's actions. However, State Department Country Reports included in the record indicate that the Colombian government is engaged in an ongoing conflict with the FARC; the government's inability to defeat the FARC outright is not evidence of willful blindness or acquiescence to FARC activity. See Khouzam v. Ashcroft, 361 F.3d 161, 171 (2d Cir. 2004). Accordingly, the agency reasonably denied Petitioner's application for CAT relief.

**II.  Docket Number 10-0510-ag(CON)**

Summary disposition of Petitioner's petition for review of the BIA's denial of his motion to reopen is appropriate because he presents no arguably meritorious issue for consideration. See Pillay v. INS, 45 F.3d 14, 17 (2d Cir. 1995). Petitioner's motion to reopen before the BIA is indisputably time-barred, having been filed almost eleven months after the BIA's order dismissing his appeal. See 8 C.F.R. § 1003.2(c)(2) (requiring an alien to file a motion to reopen "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened"). Petitioner sought reopening in

5

order to apply for adjustment of status based on his marriage to a U.S. citizen. However, as Respondent argues, this circumstance does not excuse the untimeliness of his motion. See Matter of Yauri, 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing that untimely motions to reopen to pursue an application for adjustment of status do not fall within any of the exceptions to the time limits); cf. 8 U.S.C. § 1229a(c)(7)(C)(ii). Therefore, Petitioner was necessarily asking the BIA to exercise its authority sua sponte. See Mahmood v. Holder, 570 F.3d 466, 469 (2d Cir. 2009) ("Because Mahmood's untimely motion to reopen was not excused by any regulatory exception, his motion to reopen could only be considered upon exercise of the Agency's sua sponte authority."). Petitioner's argument to the contrary notwithstanding, we lack jurisdiction to consider any challenge to the BIA's "entirely discretionary" decision not to reopen his proceedings sua sponte. See Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir. 2006) (per curiam). The Supreme Court's recent decision in Kucana v. Holder is not to the contrary. See Kucana v. Holder, 130 S. Ct. 827, 839 n.18 (2010) ("We express no opinion on whether federal courts may review the Board's decision not to reopen removal proceedings sua sponte."). Kucana did not address the basis for our holding in Ali.

6

For the foregoing reasons, the petition for review in docket number 09-1158-ag(L) is **DENIED.** Respondent's motion for summary disposition in docket number 10-0510-ag(CON) is **GRANTED.** As we have completed our review, any stay of removal that the Court previously granted is **VACATED,** and any pending motion for a stay of removal is **DISMISSED** as moot. Any pending request for oral argument is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
